Good morning, your honors. My name is Karen Bucher, and I represent Robert Cook. And with the court's permission, I'll reserve five minutes for rebuttal. In this case, Mr. Cook left two voicemail messages for Commander Stewart at the Boulder Police Department regarding his tips in the John Benet Ramsey case. Mr. Cook argues that the statements in those messages were not true threats and are protected by the First Amendment. They're not true threats because the words themselves did not show that he intended to threaten Commander Stewart. Counsel, help me on something there. Let's see. One of these cases was bench-tried and one was jury-tried, right? Correct. And the true threats, that was the one that was jury-tried? That's correct, your honor. And the jury got to listen to the audio message? Yes, they did, your honor. They listened to it on a CD? Yes, they did. I listened to it, too. When I read the words, I thought it could go either way. And then when I listened to the audio, I thought it could go either way. But the tone was kind of scary on the audio. The guy sounded way too intense for what he was saying. And the intensity of feeling contributed to the overall sense that this person was threatening. Why couldn't the jury decide that he did, in fact, have a subjective intent to make a threat sufficient for Virginia v. Black on that? Because according to the case law, you have to focus on the words. The words have to say – Not just the words. You do have to focus on the words. But I don't think there's any case law that says context must be disregarded, is there? No, no, your honor. I think the case law actually goes the other way. It suggests the relevance of context. But in this – For example, we have a very nasty remark during a presidential election, and we have a case saying, well, in those political elections, you get very nasty remarks that don't mean much in terms of a threat. But the jury or the finder, in fact, still needs to focus on his words. And his words didn't show that he was going to do anything to injure Commander Stewart. And the case law shows that. True threats. Words without context. Well, if my doctor tells me to quit doing something because it may be bad for my health, that's not threatening at all. If some – if Whitey Bulger, a mob boss, tells me I should stop doing something or start doing something or it might be bad for my health, then it's a threat. Well, you know, in this case, your honor, Mr. Cook had been going through a lot of emotional distress. I think he was convicted if I wasn't making a hypothetical mob boss. I can't remember for sure. Well, he said – just to explain the background. He said he was at a breaking point. He was experiencing sharp pains and suffering from distress. He was frustrated. And he was angry. I agree. He was really upset because the police department, in his mind, was not doing their job. He had a tip. They are not investigating. And in his mind, he wanted them to do their job and get back to them. That's all it was. Good defense argument. Defense argument. Good argument. But I don't understand why a trier of fact could not interpret the words taken together with the tone of voice as intending to create fear in her. Well, also to look at what the case – in the cases that find truth threats, for example, U.S. v. Sutcliffe, in that statement, the defendant said to the prosecutor, I will kill you. That was really clear. He intended to injure – threaten to injure. I will kill you may not be a threat. Mom says to her little boy, if you leave your socks on the floor one more time, I'm going to kill you. Not very likely. Well, then in U.S. v. Stewart, when there was an inmate who said he wanted to kill a judge and he told another inmate, I'll give you $100,000 and some guns, and this is what the judge looks like and this is where the judge is. That shows the intent that he was personally wanted to go through with the threat. He intended to really threaten to injure the victim. But, counsel, we have to decide whether there was sufficient evidence to support this conviction, right? Correct, Your Honor. I think what Judge Kleinfeld is getting at is why wasn't the jury free to interpret the evidence the way the prosecutor interpreted it as opposed to consistently with the defense theory? Why isn't this enough? Because I believe that based on the case law that I'm reading, it's the words that matter. The words have to show I intend to hurt you. But you keep saying that. But what about all of the other circumstances? Well, a good case, for example, is U.S. v. Bector. So my question is, what about all the other circumstances? The menacing tone of his voice, don't we get to consider that? Yes, Your Honor. There's nothing wrong with the jury considering that? There is nothing wrong, but it had to also look at the words at the same time. That's what I'm getting at. In the case versus U.S. v. Bector Sorian, the defendant made really awful words regarding the President. And this Court found that it wasn't a true threat to kill the President, that he wanted to hurt the President, because the statement made no reference to the defendant himself to hurt him. But this defendant did. He said, you're going to pay for what you're putting me through. It was quite personal. Or at least the jury was free to interpret it that way, weren't they? But he didn't say he was going to do anything. I think that's the point. Mr. Cook didn't say anything. Why would anyone else do that, though? I mean, this wasn't a presidential campaign. This was, you're going to pay for what you're putting me through. And in this context where there isn't any reason to think that anybody else was going to harm the detective, as there might be for a presidential candidate, then why wasn't the jury free to decide this was a true threat? Well, he explained that he was going to sue the police department. Did he explain that at the time or was that just later? He explained it later. I mean, in this tape where he left these messages to her, he didn't say, I'm going to sue you and you're going to pay, right? No, but if you look at all from the very beginning, from his first contact with the Boulder police, everything was limited to, I have a tip and you are not going through and you are really frustrating me. And another thing that's really important I wanted to highlight, after these two messages that he left, on June 1st he calls back and leaves another message and says, hey, how come you haven't got back to me? You had time to look into these Christmas lights. It shows what his intent was. He was not intending to hurt anyone. He just wanted them to do their job and to consider their tip and get back to him. What about the bench trial? What about count three? Stalking charge. Right. In that case, the government had approved intent to harass means that the defendant had to act with a specific purpose to cause emotional distress in Commander Stewart. And the record shows that he called regarding the tip and that he was frustrated. And what's interesting, Commander Stewart's testimony corroborates that. She understood why he was calling regarding the tip and that he was frustrated that they weren't following up in his mind. The argument on count three was that the judge, after the bench trial, made the incorrect findings. Yes, that is right. And really read into the record orally the findings that were consistent with subpart B of the statute whereas your client was charged with subpart A. Did I understand that correctly? Right. That's the second part of the argument, Your Honor, is where he was charged with 2261A28, which only focuses on severe or substantial emotional distress. What the government proved and what the judge found, that she suffered fear of bodily injury. And those are obviously, there are two different things because Congress put them in two parts of the statute. Those are the oral findings the judge made. What about the written judgment that he entered? Didn't he include harass in the written judgment? My recollection of that was everything related to fear of bodily injury. So in other words, to subpart B as opposed to A. Is that your position? I thought A and B overlapped enough so that even if his language might have been a little loose, it would still apply. I mean, I read the remarks and it looks like he's frustrated because nobody is paying attention to what he imagines to be a really important tip. And then I read the statute, whether he had an intent to cause substantial emotional distress or fear of serious bodily injury. Now, if somebody puts you in fear of serious bodily injury, they're probably simultaneously causing substantial emotional distress, almost certainly because it's distressing to be put in fear of bodily injury and vice versa. And then I look at the words and it looks like this is a guy who's trying to scare this cop into paying attention to him, which would really fit both. Your Honor, you would think that if someone was in fear of bodily injury, that they also would be suffering substantial emotional distress. But the statute separates them. Congress must have believed that there was a difference between emotional distress. Not necessarily a difference. They might have thought that they could expand the range of people who would get convicted if they drew a Venn diagram with intersecting circles in their statute. Then why separate them? Why are there two different causes of action? Well, they said or, which means you can have either one. You don't need both. Right. What about the discrepancy between the oral findings from the bench and the written findings? The judge's written judgment includes the word intent to harass. And that's from subpart A. Oh, excellent. Or to place commander in short and reasonable fear of death. That's subpart B. I mean, I certainly appreciate your point there, but what about the fact that he included harass, which comes from subpart A? Isn't that enough to sustain the conviction? I'm sorry. They're both intent to harass to cause, with specific purpose, to cause emotional distress. That's A. And then B is intent to harass with a specific purpose to cause fear of bodily harm. The intent to harass is, at least by my reading, is in both parts of the statute. But my problem is, and I really don't know the answer, whether in the written findings he said he did A or B. Is that good enough to make a finding that he did A? I would think not. In his oral findings, I think he said that he did B. But the question really is what Judge Kleinfeld was asking. If he found that he did section B, is that enough to convict him of A? Because in order to convict B, you have to convict A. It's a question really of how strictly you hold the judge to a finding of the statute. If to commit B, you're necessarily committing A, what do you do with the fact the judge said he committed B? Is that enough to find a conviction, to support a conviction of A? You know, this is the kind of game law students love to play. And I must say I don't know the answer to the fact that if you say B and that necessarily means you've committed A, that's good enough. Your Honor, he was charged with A. And for some reason, Congress made that distinction between A and B. And district court's findings doesn't satisfy A. It satisfies B, but not A. I don't know that I agree with you about that. But if it does, wouldn't this result in what would the appropriate remedy be? Defense trial. Defense trial. Insufficient evidence to support the verdict, because he was charged with A and the court found B. Or if he could have found A and meant to find A, would it be appropriate to send it back for him to say I really screwed up in my findings and I meant what I said covers A and I should have said he's also guilty of A? In other words, why wouldn't we be able to remand it for clarification of the findings? Because this was a bench trial. You know, Your Honor, I have never thought of that. I didn't think of that and I don't have any law to support that. But my gut feel tells me once you're convicted, that's that. And if there's not enough evidence and it needs to be reversed, that would be my position, that he shouldn't have a second chance. The court made its findings, spent a lot of time on them, and it's clear it was only referenced to B. And I don't see any – I don't know of any authority that will allow this court to remand the case to give this court another try in finding my client guilty. Well, we're not suggesting that any new evidence would be introduced. It would be clarification of findings. Do you appreciate that? I don't know any authority for that, but it's really clear in his findings what he found. I'm looking at the written findings. Precisely what language is wrong there? It's the fact that on page 10, Your Honor, all through his findings he's saying how she feared her life. And at the end, he says the defendant's conduct placed her in fear of death or bodily injury and doesn't mention the emotional distress. Are you speaking now of the transcript, counsel, or I think that the client was looking at the written? I was looking at the written findings. Page 10, Your Honor. But I think you're looking at them on page 10. That's what I was looking at, Your Honor. You know, if he could have put in, made statements that she suffers emotional distress, I wouldn't have raised that argument. But he didn't. There was nothing in there that shows that she suffered emotional distress. It was just that she was in fear of her life. She doesn't have to suffer emotional distress for him to be guilty. He just has to intend to cause emotional distress. Yes, and then you have to prove. Judges sometimes get death threats, and sometimes it's perfectly plain that the threatener cannot carry out the threat, so they don't cause significant distress, but the threatener intends to. Do you understand the distinction I'm making? No, Your Honor. I want to scare you half to death, but I'm not a very scary guy, so you're not scared. That's enough that I'm doing my best to scare somebody half to death, even if I'm not a scary guy and they're not scared at all. That's enough under the statute. You might be kind of scary today, given the situation that she's in. Well, okay. You have to pretend. But, you know, also I can think of a situation where somebody might not suffer emotional distress being in fear of their life. They would just take the precautions, get a gun, lock your doors, and maybe you're not feeling substantial distress. I mean, there's a reason, you know, why it was separated in the statute. So your sufficiency argument is really based on the idea that the person stalked or threatened has to subjectively feel fear, or else the evidence is not sufficient. That has to be proved, Your Honor, under the stalking charge. Thanks. And if there's no other questions, I'll reserve no time. Good morning. Your Honor, this is Megan Blanco for the United States. This Court should affirm all three convictions of Defendant Robert Cook. There was substantial evidence to support the jury's finding that Defendant Robert Cook was guilty of making two threats to Detective Stewart on May 25th and 28th of 2010. In addition, there's substantial evidence to prove that the judge was correct in finding that Defendant Robert Cook was guilty of interstate stalking based on those same two threats. The jury heard both from Defendant and also from the victim in this case, and was entitled to judge Defendant's credibility and be given defenses to the charged conduct. What they heard in this case was that Defendant contacted the Boulder Police Department on numerous cases and occasions, even after he was told directly by the victim in this case to cease contacting them, even after he was told by his probation officer to stop contacting them, and that his contacts were not appreciated and could be deemed threatening. Did his probation officer talk to him before he made these recorded statements that were relied upon at trial? She did, Your Honor. And she told him to knock it off? She did. Okay. Did the judge instruct the jury that they needed to make these findings on an objective and subjective basis, both? He instructed that they must find both that they were objectively threatening and that Defendant had the subjective intent to threaten, Your Honor. Thank you. The probation officer contacted Defendant in late 2009 and told Defendant that various types of communications that he was sending to people were deemed threatening. In particular, the probation officer talked to Defendant about an e-mail communication that he sent to an individual who lived in Utah named Ms. Griffith. She testified at the trial. She told Defendant that his e-mail to Ms. Griffith was deemed threatening, and in response the Defendant told his probation officer, well, then you probably would not like the messages I've been leaving with the Boulder Police Department. And then asked his probation officer back in 2009 if at that point she had contacted the marshals to arrest him over communications that he was sending to the Boulder Police Department. Certainly as far back as 2009. Counsel, I have, as you're going through these facts, it reminds me of a couple of questions I had. First of all, in your brief, you talked a lot about what Cook did in 1995 and calling the police commander a name and his truck hijacking and offshore bank accounts and the war on abortion clinics. And I couldn't find any of it in the record. Is it in the record? It is in the record, Your Honor. These facts were brought to the Court's attention during various pretrial motions. In addition, they were discussed very briefly during only the bench trial. That is why the Court separated the two threats. Discussed briefly. Was proof put on in the bench trial of these facts or not? Proof was put on. When you say discussed briefly, in the context, I'm thinking of some discussion about prosecutorial misconduct that the judge conducted, I think with you. And I don't know if you mean put on evidence or discussed in the context of a reprimand. It was discussed as evidence, Your Honor. The reason we had bifurcated trials, we had the two threats trials that were tried separately from the stalking count, was because that evidence was deemed by the judge impermissible in the threats case. As I recall, you tried to use this in the bench trial, and the judge said it was irrelevant to his decision in the bench trial, the stalking part. Is that right? I don't believe that is correct, Your Honor. Right. If you're talking about the allegation of prosecutorial misconduct, that related to an e-mail. No. No, I wasn't. Okay. I was referring to all this stuff about what he did in 1995. Right. That was included as background information for this Court. It was discussed in pretrial motions at the bench trial, the only testimony concerning Mr. Cook's prior conduct. When you say discussed in pretrial motions, do you mean in the context of the judge saying you cannot bring out his prior crimes? It was brought up in a 404B motion. That is right, Your Honor. In addition, I believe it was referenced in the factual basis of other motions that were before the Court. What I'm getting at is you said a whole lot of factual things in red, and I didn't see evidence in the record that showed that any of these things were established. It looked like it was just a lot of prejudicial material you put in the brief to try to make us concerned about the defendant, even though you hadn't proved any of it in this case. It looked of a piece with violating the judge's order regarding the conduct that took place during the trial. And I apologize. It certainly was not my intent in putting that information in the brief. There are – Maybe it will be helpful feedback for you for me to say that I had the very same impression. I appreciate that. And I apologize, Your Honors. The defendant argued that – I don't like somebody trying to manipulate my feelings in order to get a decision not supported by the law and the record any more than I like anyone trying to do that to a jury. I apologize, Your Honor. And it's wrongful. We believed that the defendant had argued that review should be de novo for certain findings. And on de novo – De novo doesn't mean you can introduce evidence that's not in the record in order to prejudice the tribunal. I apologize, Your Honor. I did not mean to in any way disrespect this court or do anything that would be deemed disrespectful in that regard. I don't care about respect. I want you to obey the rules. I apologize, Your Honor. Counsel, on this second issue on the stalking charge – Yes, Your Honor. I guess I'm reading the statute a little differently. Setting aside the oral findings, could I read the judge's oral findings? It looks to me like he read subpart B. Do you disagree with that? I think that he conflated the two. Well, I think it's kind of verbatim B, isn't it? He did find subsection B, that is right. Orally. Orally. Okay. So then could you look at the – I think we're all focusing here on page 910. With his written findings, Your Honor. And does that save your day? He does indicate that he also found the defendant harassed Commander Stewart in that case, Your Honor. Right. So the harass language is a little tricky. And I think my colleagues are looking at it a little differently. Maybe they're looking at it correctly. I've probably been on the bench longer. But when I look at – That's irrelevant. We'll see. Maybe you're a better judge nevertheless. We can hope. An older pickup truck's not better than a new one. The word harass appears in, you know, subpart 1. But it also appears in subpart A and not in subpart B. So I wonder if that's enough. This is not an argument that you raised in your brief. But I am trying to just be fair about what it is the judge intended. Because when it gets to the written findings, they do look to me to be a bit of an amalgamation. It does, Your Honor. I think the judge did find, in his written findings at least, that the harassment element, which would be sufficient to prove subsection A. But even putting that aside, Your Honors, even if the judge only found and made no mention of harassment, but instead only found that the defendant intended to cause substantial fear of bodily injury or death. Which is B. Which is B. His findings, I think, and the evidence presented in this case would still support the conviction for count 3. But that argument makes me very nervous. Because, of course, the government has an obligation to prove every element beyond a reasonable doubt. And if we started doing that, that sounds really slippery to me. If we say, well, it's kind of, sort of, a lesser included. He didn't address what you charged him with, but this is what he meant, that makes me very nervous. It strikes me at that point that we'd be talking about remanding this for clarifications of the findings that were made at the bench trial. I understand that. And I would point out that under the harmless error standard, though, in this case the government would submit that we proved well beyond what was necessary for A. That B would be a harder level of proof than A. And that necessarily to find B, to find that someone is in fear of death or substantial bodily injury, you must necessarily prove that in the course of conduct leading to that feeling, you feel a sense of either harassment or a sense of emotional distress,  I guess sort of takes me back to my days as a trial court judge. You're asking me to make a finding. I understand that. Thank you. Okay. If there's more you want to speak about that, that was my question as well. And there was substantial evidence, Your Honors, of defendants' intent to cause either harassment or Is this your position is that if the judge only made a finding specifically said, I find you guilty of B, that would mean that he had also found them guilty of A? I think in this case, Your Honor, given the facts that were presented to the judge both at the jury trial and then separately at the bench trial, that the facts that the judge relied upon to come to the conclusion that the defendant intended to cause Commander Stewart to fear death or serious bodily injury, that those facts necessarily support a finding that the defendant intended to harass Commander Stewart or alternatively intended to cause Commander Stewart to feel emotional distress. And indeed, she testified during the trial of steps. Excuse me. But he didn't say in his findings that he was placed in reasonable fear of the result of death, et cetera, and experienced substantial. He said or experienced substantial emotional distress. He did A or B. That can't be a finding he did A and B, can it? It was an unfortunate error, I think, in the judge's findings. Does that mean the answer to Judge Reinhart's question is yes? I think the answer would be yes, Your Honor. I think that the answer would be yes. Would that be a mistaken answer? I'm trying to think how you could put somebody in fear of substantial bodily injury or death without intending to cause them emotional distress. Based on the facts presented to the Court, Your Honor, I would submit that in this case ---- Can you come up with a hypothetical? Could it be a particularly tough police officer who was placed in reasonable fear of death or serious injury, but because she was so tough, she didn't experience substantial emotional distress, that she said to somebody, you know, I get these threats all the time. That's part of my job. So I'm in fear of death. I know it's a one in a hundred chance, and that's what I get paid to do, so that she wasn't experiencing any emotional distress. Is that a hypothetical? I think in a very rare case ---- I don't know if it's rare. I mean, my guess is that, well, I don't know, but I do know for one of us, I've gotten death threats, some of which put me in fear, and some didn't. And I don't have trouble with that, but I don't see why there has to be a subjective fear. I'm just asking about the intent of the bad guy, not the response of the would-be victim. The putative victim may or ---- Let's hypothesize a putative victim who's just not scared of much. But it strikes me that if you intend to put somebody in fear of death or serious bodily injury, the relevant word there is fear, an unpleasant feeling. And I don't see how fear could not be emotional distress. So regardless of whether the threat is successful in putting the person in fear, it strikes me that if a person intends to put me in fear, then he intends to cause a distressful emotion in me. And therefore, B necessarily includes A, and you wouldn't have to be so skittish about your response to Judge Reinhart's question. What am I missing here? No, I think you are right. And certainly the intent to cause someone to feel fear of death or fear of bodily injury, the path to get there would include, first, probably harassment, the intent to harass, and secondly, the intent to cause substantial emotional distress. And the facts that were presented to the court in this case showed that that was the path that the defendant took in his escalation with Commander Stewart. He was put on notice of how his communications were perceived by the Boulder Police Department, by his probation officer. And despite those warnings and those admonitions, the defendant continued to leave escalating messages with Commander Stewart. At the very minimum, after being told by Commander Stewart and the lawyer for the Boulder Police Department in mid-May that he needed to cease communicating with Commander Stewart orally and that all communications needed to be in writing, at that point... I'm lost now. I don't see how this bears on 2261A2A and B. With the defendant's intent to harass, Your Honor, he was put on notice early on, I think, that his communications were deemed harassing to Commander Stewart. And so the path that the defendant took in this case and the evidence that... We don't get to do the deeming, the trier facto. No, but if you consider all facts that I believe the judge must have found to come to the conclusion that the defendant intended to cause Commander Stewart fear of death or bodily harm, the facts that he had to have found to get to that conclusion would also support the conclusion that the defendant intended to harass Commander Stewart and that he also intended to cause Commander Stewart to suffer substantial emotional distress. Well, sometimes the question... This could lead us to Judge Christian's question. If a judge intended to do something but didn't do it, what do we do about it? If the judge had said not guilty instead of guilty, I think we'd have a different problem probably. But if he said you're guilty of A or B and didn't say which, that's a different thing. We would have said, well, he must have meant guilty. He just said or instead of and. Can we save the judge from his error by substituting and for or? That to me is a different question. It may be that the judge should have said and and should have found that he necessarily did both. But if he didn't make that finding, where are we? I think the standard saves us, and the harmless error standard would apply in this case, Your Honor. I'm not sure there's a harmless error standard to a judge not making a finding of guilt. He didn't address, I mean, if you take this, if you read the record the way the defense counsel reads it, the judge literally didn't address the statute with which the defendant was charged. That would be an error of law. It would be, and we likened this, and I think a way to look at it could be this instruction in the jury instructions, which would be subjected to harmless error. This isn't about an instruction. This is about a judge not making a finding. You need for a conviction, right? That's right, Your Honor. And I do think that if Your Honor does not believe that in this case the defendant must have necessarily intended to cause either harassment or substantial emotional distress to Commander Stewart in order to intend to cause Commander Stewart to fear death or bodily injury, which I submit it does. But if Your Honors do not find that, then I believe the appropriate remedy would be to remand to the district court for clarification of the judge's findings as to Count 3. Do you not have any case that gives us the authority to do that? I do not offhand, Your Honor, but I will happily research that issue and file a supplemental brief on that. Thank you very much. Thank you, Your Honors. Is there nothing further, unless there's a specific question? Thank you, counsel. Thank you both very much. The case, if there are any, will be submitted.
judges: Reinhardt, Kleinfeld, Christen